## Knipe v. Fire Association of Philadelphia

196

*Blumberg & Sork,* for plaintiff.

*R. A. Detweiler,* for defendant.

FLOOD, J., December 10, 1948.—Plaintiff brought suit upon a fire insurance policy which insured a wood-shingle, two-story stone dwelling, occupied by not exceeding two families, or one family and five roomers or boarders. The policy contains the following clause:

"The insured may apply up to ten percent (10%) of the amount specified for item one to cover on private structures appertaining to the above described premises and located thereon."

The wood-shingle, two-story stone building insured was an old gristmill which had been converted into a two-family apartment house. Upon the same premises was another building containing several garages and an upstairs room. This room had been rented for storage purposes to a man who was not one of the tenants of the apartment house. This man lived in another property across the road from the premises on which the insured building stood. According to his testimony he had stored a lot of the furniture from his former home for which he did not have room in his new home across the road from the building. This man was a carpenter by trade but had been severely injured and according to his own testimony was now using this room for doing some work in repairing or refurbishing some of the furniture in order to make a wedding gift of it to his daughter. He had installed

a stove in the building and part of the building caught fire resulting in damages in excess of $500. Since the insurance policy was in the face amount of $5,000 plaintiff seeks to recover 10 percent of the face amount of the policy, or $500, to cover this loss. Defendant insists that the building is not insured under the clauses above mentioned.

It appears to me that plaintiff has not made out his case. It would appear that that private structure would normally be one used by the insured only. In this case since the building was to be appurtenant to the two-family dwelling, private use would probably also include the use of the two tenants as well as the owner. I do not see how it can include use by a third person, as in this case. It might be that if the use of the third person was gratuitous and temporary it would be considered as private use. Where, however, it is used by the third person under a lease under which the owner got compensation for a protracted period, I do not see how it can be called private. So the structure cannot, in my opinion, be called a private structure. Since this use was not on behalf of the tenants it is also difficult to call the building as a whole appurtenant to the apartment building. It might be that if some small part of the building were used by a third party and the fire was caused by the use of the tenants or in the part used by them, the use by the third party would be considered de minimis. But where the fire was caused in a part of the premises not used by either of the tenants but by the activities of a third person, who was paying rent, it cannot be said that the fire was caused in a building appurtenant to the main building insured, or in a private structure.

The letter of plaintiff himself indicates that he did not believe that this property was insured at the time the policy was taken out. If it had been so insured at

that time the company might be held to have waived the use of part of the premises in a way not covered by the policy. However, this use appears to have occurred after the policy was issued and we do not see how, under the circumstances here shown, the policy can be broadened to cover a structure which was not covered initially.

The court finds for defendant.